*Gary S. Fish*

Gary S. Fish, Esq. (GSF 6551)
Attorney for the Plaintiff
30 Vesey Street, 15th Floor
New York, New York 10007
(212) 964-5100

UNITED STATES DISTRICT COURT
SOUTHERN   DISTRICT OF NEW YORK
-----------------------------------------------------------X CASE NO:
THURMAN TURNER,

        PLAINTIFF,

                              PLAINTIFF'S COMPLAINT

    -against-

                              (Plaintiff demands a trial by jury
                              Of all issues   herein)

THE CITY OF NEW YORK; "JOHN DOE" AND
"RICHARD ROE",

    DEFENDANTS.
-------------------------------------------------------------X

The plaintiff, by and through   his   attorney Gary S. Fish, Esq., sets forth the following

as   his   Complaint

## I. PARTIES AND JURISDICTION

1.  On or about     July 15, 2016,     and at   all times relevant herein, the plaintiff, an African-

American Male, resided and resides at 230 West 129th Street, #12C, NY, NY 10027.

2. On or about     July 15,   2016.   and at all times relevant herein, on information and belief,

the defendant The City of New York was and is a domestic corporation lawfully organized and

existing under the laws of the State of New York, and on said date and at all times relevant

herein, said defendant had and has a principal place of business located at 530 Municipal

-1-

Building, New York, New York 10007.

3. On or about   July 15,   2016,, and at all times relevant herein, on information and belief,

defendants "John Doe" and "Richard Roe", are NYPD police officers,   whose true names   are

presently   unascertained,   and each act   of wrongdoing herein after alleged to have

been committed by said   defendants was committed   within the scope of their agency and/or

authority and/or employment and/or a municipality implemented policy, statement,

ordinance, regulation and/or decision officially adopted by that body's officers, resulting in the

herein after stated constitutional violations,   on behalf of defendant The

City of New York, which expressly and/or impliedly ratified each act of wrongdoing herein after

alleged to have been committed by   defendants "John Doe" and "Richard   Roe".

4. Pursuant to 28 U.S.C. Section 1343(a)(3), the Federal Court herein has original jurisdiction

to redress the deprivation of civil rights under color of any State law, statute, ordinance of

any right privilege, or immunity secured by the U.S. Constitution, providing for equal rights

of citizens or of all persons within U.S. jurisdiction, and jurisdiction exists herein.

5. Pursuant to 28 U.S.C. Section 1391(b), in a case in which jurisdiction is not solely founded

on diversity jurisdiction, such as the present case, venue is proper where the defendant resides

or a judicial district where a substantial part of the events giving rise to the claim occurred,

and venue is proper therefor in the United States District Court, Southern   District of NY.

COUNT I
(VIOLATION OF 42 U.S.C SECTION 1983, MALICIOUS
PROSECUTION)

6. On or about July 15, 2016,   at approximately 8:00 PM, while plaintiff was lawfully

traversing in and around 130th and 7th Avenue, NY, NY, and was walking down the street,

he was wrongfully, intentionally, without probable and/or without warrant,   arrested for

possession of 25 grams of marijuana, even though he was not smoking any such substance,

and even though he had not displayed in public any such substance.

7. The criminal case   brought against plaintiff, Docket #2016NY043331, Criminal Court of City

of New York, County of New York, 100 Church Street, NY, NY 10013,   was brought willfully,

intentionally, without probable cause,   was brought maliciously, and was favorably terminated on

or about January 4, 2017,, dismissed on motion of the District Attorney, Judge Eileen Koretz, Part

BTP1, which certificate of disposition is attached hereto. The CPL Section 160.50 executed and

notarized   unsealing authorization is also attached hereto, both as Plaintiff Exhibit "1".

8.   The criminal prosecution of plaintiff, an African-American Male was part of a

 municipality implemented policy, statement, ordinance, regulation and/or

decision to arrest and criminally prosecute   individuals, including African-American Males, who

allegedly committed   marijuana-related violations in public, , which said policy was officially

adopted   by that body's officers, resulting in constitutional violations herein, and defendant The

City of New York expressly and/or impliedly ratified said conduct herein.

9. Defendant The City of New York, and/or its agents, servants and/or employees suppressed

exculpatory evidence and/or fabricated inculpatory evidence herein, because the omniform arrest

report stated   under Details "At t/p/o (time and place of occurrence), defendant was in

possession of 25 grams of marijuana", page 3 of the omniform arrest report stated that defendant,

plaintiff herein was in possession   , Property Type, "Marijuana/Hashish", The Property Clerk

Invoice stated that the Controlled Substance was "ALLEGED (My emphasis) marijuana",

And   the sworn supporting deposition statement stated that defendant Turner, plaintiff

-3-

herein,   was in possession of " MORE THAN (My emphasis) of 25 grams" of marijuana. All said documents are attached as Plaintiff Exhibit "2" herein.

10 Defendants violation of 42 U.S.C. Section 1983, was wilful, and deliberate, wrongful, intentional, egregious, oppressive and opprobrious, was calculated to and did result in loss of plaintiff's   liberty and property rights, and defendants are therefor   liable for punitive damages.

11. As a result of defendants violation of 42 U.S.C. Section 1983, the plaintiff incurred reasonable attorney fees and costs.

WHEREFORE, plaintiff prays   for relief as follows:

AS AND FOR   THE FIRST     COUNT:

1. For damages in the amount of Two Hundred    Fifty   Thousand Dollars and Zero Cents ($250,000.00);

2.   For punitive and exemplary damages in the amount of One Million Dollars and Zero Cents ($1,000,000.00);

3.   For reasonable attorney fees;

4 For costs;

5. For disbursements; and

6. For any other just relief deemed proper by the Court.

DATED: NEW YORK, NEW YORK
      DECEMBER   9, 2019      Respectfully submitted,

Gary S. Fish, Esq. (GSF 6551); (212) 964-5100
Attorney for the Plaintiff, 30 Vesey Street, 15th
Floor, NY, NY 10007

-4-

Plaintiff
Exhibit    "1"

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK
VS

TURNER,THURMAN
Defendant

230 WEST 129TH STREET
Address

MANHATTAN                          NY
City                          State   Zip

Docket Number: 2016NY043331

PL 221.10 02 BM,PL 221.05 00 V,
Arraignment Charges

CERTIFICATE OF DISPOSITION
NUMBER:   532770

Date of Birth

966857CZ
NYSID Number

07/15/2016
Date of Arrest/Issue

Summons No:

Case Disposition Information:

| Date | Court Action | Judge | Part |
|------|--------------|-------|------|
| 01/04/2017 | DISMISSED - MOTION OF DA | KORETZ, E | BTP1 |

NO FEE CERTIFICATION

_ GOVERNMENT AGENCY          _ COUNSEL ASSIGNED

_ NO RECORD OF ATTORNEY READILY AVAILABLE. DEFENDANT STATES COUNSEL WAS ASSIG
SOURCE  _ ACCUSATORY INSTRUMENT  _ DOCKET BOOK/CRIMS  _ CRC3030[CRS963]

     I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN
THIS COURT.

CALDERON, N
COURT OFFICIAL SIGNATURE AND SEAL

04/03/2018
DATE         FEE: NONE

(CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT
    SEAL OVER THE SIGNATURE OF THE COURT OFFICIAL.)

SEALED

Pursuant to Section 160.50 of the CPL

## CONSENT AND AUTHORIZATION FOR RELEASE OF RECORDS SEALED BY LAW, INCLUDING RECORDS SEALED PURSUANT TO CRIMINAL PROCEDURE LAW § 160.50

Whereas, I, _Thurman Turner_, residing at _230 West 89th #12C, NY NY 10027_, date of birth: _6-3-1984_, and Social Security # _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_, NYSID # _____, having caused a notice of claim to be filed or commencing an action/lawsuit against THE CITY OF NEW YORK, demanding money damages for false arrest, false imprisonment, malicious prosecution, assault and battery, and/or other allegations, I hereby waive my statutory rights, for purposes of this claim/action/lawsuit, to keep sealed the records of my arrest on or about July ~~10~~ 15, 2016 and prosecution, including all records maintained by law enforcement agencies, criminal courts, (July 15, 2016) and/or district attorney's office. If my case proceeded in the criminal courts, the docket # was

_# 2016 NY 043331, and the criminal case was dismissed on or about January 4, 2017, Criminal Court of City of New York County of New York 100 Centre St, NY NY 10013_

Whereas, it is necessary for the above named defendant(s) to have access to the aforementioned records of my arrest and any related criminal proceedings and incarceration in order to evaluate and review my claims, and prepare its defense thereto, I hereby authorize any and all governmental agencies, bodies and employees having custody of such records to release such records to the Office of the Comptroller or the Office of the Corporation Counsel of the City of New York, or its authorized agent or employee. I specifically authorize the New York City Police Department; New York County District Attorney's Office; New York State Supreme Court, New York County, Criminal Term; and New York City Criminal Court to disclose any and all records in their possession relating to the aforementioned arrest/prosecution and docket number to the Office of the Corporation Counsel of the City of New York, or its authorized agent or employee.

_____
Plaintiff/Claimant
Thurman Turner

Sworn to before me this _9_ day of _December_, 200_19_

_____
NOTARY PUBLIC

CYNTHIA BLANDINO
Commissioner of ... ... of New York
No. 0...161
Cert. Filed in New York County
Commission Expires ... 1, 20 21
July.

Plaintiff

Exhibit "2"

EST Report - M16649719

CALL # NUMBER DIALED NAME - PROVIDED BY DEFENDANT NAME AS LISTED IN CELL PHONE RELATIONSHIP CALL COMPLETED
1        --        REFUSED,REFUSED

| SEALED | SEALED |
|---|---|

| **INVOICES:** | Arrest#: M16649719 |
|---|---|

INVOICE#   COMMAND PROPERTY TYPE        VALUE
1000826833            MARIJUANA/HASHISH UNKNOWN

| SEALED | SEALED |
|---|---|

| **ARRESTING OFFICER: POM MOHAMMAD JAMAL** | Arrest#: M16649719 |
|---|---|

| | |
|---|---|
| Tax Number: 953995            On Duty: YES | **Force Used:** NO |
| Other ID (non-NYPD): 953995      In Uniform: YES | Type: |
| Shield: 13596               Squad: NC | Reason: |
| Department: NYPD             Chart: 97 | Officer Injured: NO |
| Command: 806     Primary Assignment: | Officer Body Worn Camera: |
| | TRI Number: 0000-000-00000 Suffix: 0 |

| SEALED | SEALED |
|---|---|

| Arresting Officer Name:<br>POM JAMAL, MOHAMMAD | Tax #:<br>953995 | Command:<br>806 | Agency:<br>NYPD |
|---|---|---|---|
| Supervisor Approving:<br>SGT SANCHEZ CHRIST | Tax #:<br>947847 | Command:<br>806 | Agency:<br>NYCHA |
| Report Entered by:<br>POM JAMAL, MOHAMMAD | Tax #:<br>953995 | Command:<br>806 | Agency:<br>NYPD |

**END OF ARREST REPORT**
M16649719

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

-against-

Thurman Turner (M 32),

Defendant.

Page 1 of 1

MISDEMEANOR

2016NY043331

Police Officer Mohammad Jamal, Shield 13596 of the Housing Bureau PSA 6,
states as follows:

*The defendant is charged with:*

1   PL 221.10(2)        Criminal Possession of marijuana in the Fifth
                        Degree
                        (defendant #1: 1 count)

2   PL 221.05          Unlawful Possession Of Marijuana
                        (defendant #1: 1 count)

On or about July 15, 2016 at about 8:04 P.M., at 200 West 131 Street in the
County and State of New York, the defendant knowingly and unlawfully possessed a
substance containing marijuana and the preparations, compounds, mixtures and substances
are an aggregate weight of more than twenty-five grams; the defendant knowingly and
unlawfully possessed marijuana.

*The factual basis for these charges are as follows:*

I took two bags containing seven bags of marijuana from the defendant's pocket. I
know that the substance is marijuana based on my training and experience as a police officer,
the appearance of the substance, and the odor of the substance. Furthermore, the defendant
stated to me in substance: I just have a little bit of weed.

Based on my professional training as a police officer and my prior experience
making drug arrests, I know that the total weight of the substance is greater than twenty-five
grams.

False statements made in this written instrument are punishable as a class A
misdemeanor pursuant to section 210.45 of the Penal Law, and as other crimes.

Police Officer Mohammad Jamal                    7/16/16      1015
                                                 Date         Time