```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
THURMAN TURNER,                          :
                                         :
                       Plaintiff,        :      19cv11271 (DLC)
          -v-                            :
                                         :           ORDER
CITY OF NEW YORK, JOHN DOE, AND          :
RICHARD ROE                              :
                                         :
                       Defendants.       :
                                         :
-----------------------------------------X
```

DENISE COTE, District Judge:

Plaintiff filed this § 1983 action on December 9, 2019.  On December 13, plaintiff made a filing using the ECF event for an acknowledgement of service.  The underlying document, however, was not an acknowledgement of service, but a summons.  On January 16, 2020, the plaintiff filed a letter asserting that the defendant City of New York was in default.  By an Order of January 17, plaintiff was directed to file proof of service compliant with the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 4(*l*).  No such proof of service has been filed.

On January 21, 2020, defense counsel filed a letter indicating that plaintiff had not provided a § 160.50 release, as required by local rule.  See L.R. 83.10(1) ("At the same time that plaintiff serves the complaint, plaintiff must serve on the City the release annexed as Exhibit A ('§ 160.50 Release') for sealed arrest records for the arrest that is the subject of the

complaint, and for a list of all prior arrests."). According to the January 21 letter, the parties had conferred and plaintiff's counsel agreed to provide the § 160.50 release by January 31. The City's answer would then be due sixty days from receipt of the § 160.50 release. See L.R. 83.10(3).

If the § 160.50 release was served on January 31, then the City's answer would have been due on March 31. But no answer has yet been filed. On April 10, the parties filed a joint letter seeking a ninety day stay of the case. It is hereby

ORDERED that plaintiff's counsel shall, by **April 17, 2020,** file proof of service compliant with the Federal Rules of Civil Procedure. Failure to do so may result in dismissal of this action without prejudice.

IT IS FURTHER ORDERED that plaintiff's counsel shall, by **April 17, 2020,** file a letter on ECF indicating whether a § 160.50 release conforming to Local Rule 83.10 has been served, and if so on what date it was served. The parties' April 10 request for a stay will be evaluated after receipt of this letter.

IT IS FURTHER ORDERED that the plaintiff's April 17 letter shall confirm that the plaintiff either (1) does not seek compensation "for any physical or mental injury caused by the conduct alleged in the complaint other than 'garden variety' emotional distress" or (2) has served on the City the medical

release required by local rule.  See L.R. 83.10(1)(b).  If such a release was served, the plaintiff shall identify the date on which it was served on the City.

Dated:   New York, New York
         April 14, 2020

                              _____
                                   DENISE COTE
                              United States District Judge